UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**Schroeder Publishing Co., Inc.**                                                                           **Plaintiff**

v.                             No. 5:20-cv-108-BJB

**Great Northern Insurance**                                                             **Defendants**
**Company, et al.**

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

At the start of 2020, Schroeder Publishing Co., Inc. purchased business and property insurance from Great Northern Insurance Company for property located at 5801 Kentucky Dam Road in Paducah. *See* Complaint and Exhibits (DN 1-1) at PageID 42. In March of 2020, due to the Covid-19 pandemic, the Governors of Kentucky and Tennessee issued statewide shutdown orders. ¶¶ 5–7. Schroeder alleges these orders devastated its publishing business based in Paducah and its quilting events in Kentucky and Tennessee. ¶ 3, PageID 22. As a result, Schroeder filed an insurance claim for its lost business income under its policy's "civil authority" provision.

Great Northern denied coverage because the orders imposed "no prohibition of access to your premises, or the premises of a dependent business," that was "caused by a civil authority order issued due to direct physical loss or damage to property away from such premise but within one mile." ¶ 11, PageID 25. Then Schroeder filed this lawsuit seeking a declaratory judgment that the policy covers its losses caused by the shutdown orders in Kentucky and Tennessee. ¶¶ 14–16.

Schroeder's policy with Great Northern includes an "Additional Coverage" for "Civil Authority" that says:

> **We will pay for the actual:**
>
> - **business income loss you incur due to the actual impairment of your operations; and**
> - **extra expense you incur due to the actual or potential impairment of your operations,**
>
> **directly caused by the prohibition of access to:**
>
> - **your premises: or**
> - **a dependent business premises,**
>
> **by a civil authority.**

1

> **This prohibition of access by a civil authority must be the direct result of direct physical loss or damage to property away from such premises or such dependent business premises by a covered peril, provided such property is within:**
>
> - **one mile: or**
> - **the applicable miles shown in the Declarations,**
>
> **from such premises or dependent business premises, whichever is greater.**

Complaint at PageID 153.

Great Northern moved to dismiss because Schroeder did not or could not allege several critical aspects of the policy terms: direct physical loss or damage to other property within one mile of the insured premises, a civil authority order prohibiting access to the insured premises, or that the order was "the direct result of direct physical loss or damage." Motion to Dismiss (DN 5) at 12. Schroeder's suit rests on the notion that the presence of Covid-19 constituted a "physical loss or damage to [that] property." Response (DN 6) at 2, 5; *see also* Complaint ¶ 13 ("the presence of the virus in the air and on surfaces may constitute property damage" and "a dangerous physical condition"). Because the courts of appeal have consistently held that Covid-19 does not count as a "physical loss or damage to property," and nothing suggests the Supreme Court of Kentucky would disagree, this Court grants the motion to dismiss.

Courts (especially appellate courts) across the country have repeatedly dismissed similar cases raising similar claims under similar policies. *See, e.g.*, University of Pennsylvania, *Covid Coverage Litigation Tracker*, https://cclt.law.upenn.edu/ (accessed January 1, 2022). "Every circuit to address" whether temporary restrictions on the use of property or Covid-19 itself constitute a "direct physical loss" have "held that identical or nearly identical business income provisions did not cover losses caused by COVID closure orders…. And the overwhelming majority of district courts to address the issue" have agreed. *Goodwill Indus. of Central Okla. v. Phila. Indem. Ins.*, No. 21-6045, 2021 WL 6048858, at *5 (10th Cir. Dec. 21, 2021).

The Sixth Circuit has affirmed the denial of coverage asserted based on similar policies under Ohio law. In *Santo's Italian Cafe v. Acuity Insurance*, for example, a policy allowed the insured to recover lost business income "due to the necessary suspension" of its operations if the "suspension" was "caused by direct physical loss of or damage to property" at the restaurant. 15 F.4th 398, 400 (6th Cir. 2021). The Court of Appeals held that neither the Covid-19 shutdown orders nor the virus itself caused "direct physical loss of or damage to" the property because they did not "physically and directly alte[r] the property." *Id*. at 402. The owner was not "tangibly or concretely deprived of" his property, as a "loss of use simply is not the same as a

physical loss." *Id.* at 401–02. A subsequent decision of the Sixth Circuit followed suit: "The policy language" referring to loss and damage "excludes from coverage the mere economic injury and loss of use that result from a shutdown order." *Dakota Girls, LLC v. Phila. Indem. Ins. Co.*, 17 F.4th 645, 648–49 (6th Cir. 2021) (recognizing that *Santo's* rejected the argument that shutdowns or Covid-19 itself constituted property damage).

The language in Schroeder's policy requires "the prohibition of access" to "your premises" by a "civil authority" to "directly caus[e]" the lost business income. Complaint at PageID 153. And that prohibition must itself be the "direct result of *direct physical loss or damage to property* away from such premises." *Id.* (emphasis added). Just like *Santo's*, here the "direct physical loss or damage to property" is a coverage requirement that Schroeder's pleadings do not satisfy.

Although neither the Sixth Circuit nor the Kentucky Supreme Court have applied Kentucky law to such policies, several district court decisions make clear that the outcome is the same.[1] In this district, several opinions have interpreted similar "civil authority" provisions that required "direct physical loss of or damage to property" to not cover Covid-19 shutdown orders or the presence of Covid-19 itself. *See Wild Eggs Holdings v. State Auto Prop. & Cas. Ins.*, No. 3:20-cv-501, 2021 WL 4234940, at *7–11 (W.D. Ky. Sept. 16, 2021); *Renaissance/The Park, LLC v. Cincinnati Ins. Co.*, No. 3:20-cv-864, 2021 WL 4429796, at *5–7 (W.D. Ky. Sept. 27, 2021); *Bluegrass Oral Health Center v. Cincinnati Ins. Co.*, No. 1:20-cv-120, 2021 WL 1069038, at *2–3 (W.D. Ky. Mar. 18, 2021) (collecting similar cases). Decisions from the Court's sister district to the east have consistently reached the same conclusion. *See LexFit, LLC v. W. Bend Mut. Ins.*, No. 5:20-cv-413, 2021 WL 2382519, at *3–5 (E.D. Ky. June 10, 2021) (interpreting "direct physical loss of or damage to" property to not include shutdown orders); *Ryan P. Estes, D.M.D. v. Cincinnati Ins. Co.*, No. 2:20-cv-138, 2021 WL 2292473, at *4–8 (E.D. Ky. June 4, 2021) (same). So too a district court in Maryland interpreting policy language almost identical to that issued by Great Northern; it held that neither shutdown orders nor the presence of Covid-19 constituted "direct physical loss or damage." *Bel Air Auto Auction, Inc. v. Great N. Ins.*, 534 F. Supp. 3d 492, 502–07 (D. Md. 2021).[2]

---

[1] Even though Schroeder's claims implicate events in Tennessee as well, Kentucky law applies to the policy's interpretation because it was issued in Kentucky and covers property located in Kentucky. *See S. Fifth Towers, LLC v. Aspen Ins. UK, Ltd.*, 763 F. App'x 401, 407 (6th Cir. 2019). Schroeder does not contest this.

[2] The parties also argue about whether restrictions on the use of the property count as a "prohibition of access," whether the orders themselves were "the direct result of direct physical loss or damage," and whether restrictions in Tennessee counted as "your premises" or were within "one mile" of those premises. Motion to Dismiss at 12–20; Response at 5–8. The Court needn't decide these issues because "direct physical loss or damage" is a threshold requirement for any coverage. Complaint at PageID 153.

Schroeder offers no reason why nearly identical language in its policy should carry a different interpretation. It largely relies on analogies to a string of pre-pandemic trial-court decisions addressing loss from chemicals, mold, bacteria, soot, and the like. *See, e.g.*, *Gregory Packaging, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 2:12-cv-4418, 2014 WL 6675934, at *3 (D.N.J. Nov. 25, 2014) (ammonia leak); *Motorists Mut. Ins. v. Hardinger*, 131 F. App'x 823, 825–26 (3d Cir. 2005) (bacteria in water); *Sullivan v. Standard Fire Ins.*, No. 515, 2007, 2008 WL 361141, at *3 (Del. Feb. 11, 2008) (mold); *Oregon Shakespeare Festival Ass'n v. Great Am. Ins.*, No. 1:15-cv-1932, 2016 WL 3267247, at *7 (D. Or. June 7, 2016) (soot and smoke from wildfire) (vacated by stipulated dismissal). Their details are less important in light of the far more recent and precise Covid caselaw discussed above. As the Sixth Circuit noted, even mold causes some physical alteration to property that the Covid virus apparently does not. *See Santo's*, 15 F.4th at 402–04 ("The novel coronavirus did not physically affect the property in the way, say, fire or water damage would.").

In line with apparently every circuit in the nation and the majority of district courts—including those in Kentucky—this Court grants Great Northern's motion to dismiss (DN 5) because the policy does not cover business income lost as a result of Covid-19 shutdown orders or the virus itself.